UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MUBASHIR MAQBOOL, P.E.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1210** |
| **SEWERAGE AND WATER BOARD**<br>**OF NEW ORLEANS,**<br>    **Defendant** | **SECTION: "E" (5)** |

### ORDER AND REASONS

Before the Court are Pro Se Plaintiff Mubashir Maqbool's Motion for Reconsideration and Motion to Expedite Hearing on the Motion for Reconsideration.[1]

### BACKGROUND

Plaintiff, a Senior Principal Engineer employed by Defendant Sewerage and Water Board of New Orleans ("SWBNO"), filed this action under 42 U.S.C. § 1983, alleging that SWBNO initiated disciplinary action against him in retaliation for his protected speech and in violation of his due process rights.[2] The disciplinary action arose from a November 12, 2024 incident at SWBNO's offices between Plaintiff and another employee of Defendant, Norman Aguirre, regarding a disputed personal water bill.[3] Following the incident, Mr. Aguirre lodged an official grievance report with SWBNO,[4] which prompted an internal investigation and disciplinary proceedings against Plaintiff.[5]

On February 3, 2025, Defendant issued Plaintiff a pre-disciplinary letter and a pre-disciplinary hearing notice.[6] Rather than appearing at the pre-disciplinary hearing,

---

[1] R. Doc. 35; R. Doc. 36.
[2] R. Doc. 1.
[3] *Id.* at ¶¶ 6-8.
[4] R. Doc. 29-4.
[5] R. Doc. 17 at p. 7.
[6] R. Doc. 29-14; R. Doc. 29-15.

1

Plaintiff submitted a written response to the allegations and the recommended 3-day suspension.[7] On June 4, 2025, Defendant issued Plaintiff a determination letter stating that his written response had been considered but, due to his "continuous display of unprofessional and demeaning behavior towards SWBNO employees," the department recommended a 3-day suspension.[8]

Instead of serving his suspension or appealing it to the Civil Service Commission, Plaintiff filed suit in state court seeking an injunction to prevent enforcement of the suspension.[9] The state court dismissed the suit and entered judgment in Defendant's favor.[10] On June 13, 2025, Plaintiff filed suit in this Court, seeking a temporary restraining order as well as preliminary and permanent injunctive relief preventing enforcement of the suspension and any further discipline.[11]

On June 23, 2025, the Court held a telephone status conference, during which Defendant agreed to postpone the imposition of the 3-day suspension pending the Court's ruling on Plaintiff's request for a preliminary injunction.[12] Accordingly, the Court denied Plaintiff's request for a temporary restraining order because there was no imminent threat of injury.[13] On August 11, 2025, the Court held a hearing on Plaintiff's request for a preliminary injunction.[14] On October 15, 2025, the Court denied Plaintiff's request for a preliminary injunction.[15] The Court determined Plaintiff failed to show a substantial likelihood of success on the merits of either his First Amendment or Fourteenth

---

[7] R. Doc. 29-16.
[8] R. Doc. 29-17.
[9] R. Doc. 1 at ¶ 20.
[10] R. Doc. 17-1 at pp. 57-60.
[11] R. Doc. 1 at ¶ 41.
[12] R. Doc. 5.
[13] *Id.*
[14] R. Doc. 23.
[15] R. Doc. 30.

Amendment claims.[16] Plaintiff failed to demonstrate a substantial likelihood that he had engaged in protected speech on a matter of public concern.[17] Instead, the evidence reflected that Plaintiff was disciplined for his unprofessional conduct during an internal workplace dispute.[18] The Court also determined that Plaintiff received adequate notice of the allegations against hiim and a meaningful opportunity to respond, defeating his procedural due process claim.[19] Further, the Court found that Plaintiff failed to demonstrate irreparable harm, as any lost wages could be remedied through back pay and his asserted reputational and emotional harms were unsupported.[20] Finally, the Court held that, after balancing the threatened harm against the public interest, the equities weighed against granting the injunction and interfering with SWBNO's ability to manage its workforce.[21] As a result, the Court held Plaintiff was not entitled to injunctive relief.[22] Plaintiff now moves the Court to reconsider its October 15, 2025 Order denying his request for a preliminary injunction.[23]

## **LEGAL STANDARD**

Rule 54(b) of the Federal Rules of Civil Procedure governs motions for reconsideration of interlocutory rulings.[24] Under Rule 54(b), "any order that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims."[25] Generally, courts in this district evaluate motions to

---

[16] *Id.* at pp. 8-17.
[17] *Id.* at p. 12.
[18] *Id.* at p. 12.
[19] *Id.* at pp. 16-17.
[20] *Id.* at pp. 12-18.
[21] *Id.* at pp. 13-19.
[22] *Id.* at pp. 13-19.
[23] R. Doc. 35.
[24] *See, e.g., Muslow v. Bd. of Supervisors*, No. 19-11793, 2021 WL 3566302, at *2 (E.D. La. Aug. 12, 2021).
[25] FED. R. CIV. P. 54(b).

3

reconsider interlocutory orders under the same standards as those governing motions to alter or amend final judgments brought pursuant to Rule 59(e).[26]

Courts have considerable discretion when evaluating the merits of a Rule 59(e) motion.[27] To prevail on a motion for reconsideration pursuant to Rule 59(e), the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence[,] [which] cannot be used to raise arguments which could, and should, have been made before the judgment issued."[28] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[29] Courts in this district consider the following factors when applying Rule 59(e) standards:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.[30]

"Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgment as justice requires."[31] "The district

---

[26] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.").
[27] *See, e.g.*, *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *Baker v. Fedex Ground Package*, No. 04-3401, 2007 WL 3334387, at *1 (E.D. La. Nov. 7, 2007).
[28] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[29] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[30] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012).
[31] *Muslow*, 2020 WL 4471160, at *5 (citations omitted) (internal quotation marks omitted).

court must exercise this broad discretion sparingly, however, to forestall the perpetual reexamination of orders and the resulting burdens and delays."[32]

## LAW AND ANALYSIS

Plaintiff Mubashir Maqbool's Motion for Reconsideration asks the Court to revisit its October 15, 2025 Order denying his request for a preliminary injunction.[33] As an initial matter, the Court notes that Plaintiff sometimes refers to the October 15, 2025 Order as denying a temporary restraining order.[34] However, the October 15, 2025 Order addressed only Plaintiff's request for a preliminary injunction.[35] The Court previously denied Plaintiff's request for a temporary restraining order on June 23, 2025.[36] Accordingly, the Court construes Plaintiff's Motion for Reconsideration as seeking reconsideration solely of the October 15, 2025 Order denying his request for a preliminary injunction.[37]

In any event, Plaintiff argues this Court should reconsider its denial of his request for a preliminary injunction because he has presented new evidence.[38] New evidence warrants reconsideration when: (1) the facts discovered are material in that they would

---

[32] *Tonti Management Co., Inc. v. Soggy Doggie, LLC*, No. 19-13134, 2020 WL 9172035, at *6 (E.D. La. Aug. 13, 2020). *See also Lightfoot*, 2012 WL 711842, at * 3 ("When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."); *Factor King, LLC v. Block Builders, LLC*, 192 F. Supp. 3d 690, 693 (M.D. La. 2016) ("A manifest error is not shown by the disappointment of the losing party, rather it is the wholesale disregard, misapplication, or failure to recognize controlling precedent.").
[33] R. Doc. 30.
[34] R. Doc. 35 at p. 2. To add to the confusion, the opening of Plaintiff's Motion for Reconsideration appears to characterize the October 15, 2025 Order as denying both a request for a temporary restraining order and a preliminary injunction. R. Doc. 35 at p. 1. However, the October 15, 2025 Order addressed only the request for a preliminary injunction. R. Doc. 30. The Court notes this simply to avoid any misunderstanding as to the scope of the Order at issue.
[35] R. Doc. 30.
[36] R. Doc. 5.
[37] The Court notes that, even if Plaintiff had requested reconsideration of the June 23, 2025 Order, such relief would be denied for substantially the same reasons set forth in this Order denying Plaintiff's Motion for Reconsideration of the October 15, 2025 Order.
[38] R. Doc. 35 at pp. 1-3. In fact, Plaintiff says he seeks reconsideration because "materially changed circumstances have arisen since the Court's prior ruling." *Id.* at p. 1. This is not one of the factors the Court should consider under Rule 59(e).

probably change the outcome; (2) the facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching.[39]

Plaintiff argues the scheduling of his disciplinary suspension and his recent conversation with his supervisor Mr. Nelson are newly discovered evidence that could not have been discovered by him earlier by proper diligence.[40] Plaintiff provided his own affidavit, attached to his motion for reconsideration,[41] in which he represents that his suspension has been scheduled to be served from November 12-14, 2025.[42] Plaintiff also attests that Mr. Nelson recently informed him that "the prior disciplinary action was used to deny his promotion to the position of Engineering Divisional Manager,"[43] and that "the renewed suspension would further undermine future promotional eligibility."[44]

The scheduling of Plaintiff's suspension is not new evidence and neither is it material. Plaintiff has long been aware that SWBNO intended to impose the suspension following the Court's ruling on the preliminary injunction. Indeed, the parties have been aware since June 23, 2025 that the disciplinary suspension would be imposed if the request for a preliminary injunction were denied.[45] In the June 23, 2025 minute entry, the Court stated that "Defendant agreed to postpone the imposition of the Plaintiff's three-day disciplinary suspension until after the Court has ruled on the request by Plaintiff for a preliminary injunction."[46] This was reiterated during the preliminary

---

[39] *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).
[40] R. Doc. 35 at pp. 2-3.
[41] R. Doc. 35-1.
[42] *Id.* at p. 2.
[43] R. Doc. 35 at p. 1.
[44] *Id.* at p. 2.
[45] R. Doc. 5.
[46] *Id.* at p. 1.

6

injunction hearing, when Plaintiff and Defendant confirmed that the disciplinary suspension would not be imposed until after the Court ruled on the request for a preliminary injunction. Additionally, the October 15, 2025 Order itself again noted that "Defendant agreed to postpone the impositions of the 3-day suspension pending the Court's ruling on Plaintiff's request for a preliminary injunction."[47] Even if this evidence had been presented at the hearing on the preliminary injunction, it would have had no impact on the Court's ruling. Neither is this evidence material as a three-day suspension without pay does not constitute irreparable harm; if Plaintiff ultimately prevails on the merits, any loss of wages may be remedied through monetary compensation.[48] Accordingly, the purported "new evidence" concerning the scheduling of the suspension is neither new nor material. It does it warrant reconsideration of the Court's October 15, 2025 Order.

Plaintiff also argues that he has new evidence because he has "been informed that the prior disciplinary action was used to deny his promotion to the position of Engineering Divisional Manager,"[49] and that "the renewed suspension would further undermine future promotional eligibility."[50] Plaintiff has not established, or even argued, that this evidence could not have been discovered earlier by proper diligence. Further, Plaintiff raised this same argument in his requests for a temporary restraining order and a preliminary injunction.[51] A motion for reconsideration "is 'not the proper vehicle for

---

[47] R. Doc. 30 at p. 4.
[48] *Sampson v. Murray*, 415 U.S. 61, 90 (1974); *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, *6-7 (5th Cir. 2022). This argument was already considered and decided in the Court's October 15, 2025 Order. R. Doc. 30 at pp. 12-18.
[49] R. Doc. 35 at p. 1.
[50] *Id.* at p. 2.
[51] After a cursory review of the record, the Court found five different documents filed by Plaintiff raising this exact same argument before the Court issued its October 15, 2025 Order. R. Doc. 1 at ¶ 22; R. Doc. 1-1 at p. 2; R. Doc. 10 at p. 9; R. Doc. 26 at p. 3; R. Doc. 27 at p. 3.

rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[52] Accordingly, this evidence does not warrant revisiting the Court's October 15, 2025 Order.

Plaintiff also argues that he has shown a likelihood of success on the merits.[53] This is not a basis for reconsideration of the October 15, 2025 Order. The Court notes that Plaintiff is raising the same arguments already considered and rejected in the Court's October 15, 2025 Order. Evaluating Plaintiff's Motion for Reconsideration under the applicable standard, the Court finds that Plaintiff has failed to present new evidence, failed to demonstrate reconsideration is necessary to correct manifest errors of law or fact or prevent manifest injustice, or identified that reconsideration is justified by an intervening change in law.[54]

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Plaintiff Mubashir Maqbool's Motion for Reconsideration is **DENIED**.[55]

**New Orleans, Louisiana, this 10th day of November, 2025.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[52] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[53] R. Doc. 35 at pp. 6-9.
[54] *See Castrillo*, 2010 WL 1424398, at *4.
[55] R. Doc. 35. The motion to expedite the hearing on the motion for reconsideration is **DENIED AS MOOT**. R. Doc. 36.